WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　　　Plaintiff,<br>v.<br>Mary Helen Romero,<br>　　　　　Defendant.<br>_____ | CR 09-1548 TUC-DCB (CRP)<br><br>**ORDER** |

　　　　On October 29, 2011, this Court sentenced the Defendant, pursuant to a plea agreement, for violations of Bank Fraud and Aggravated Identity Theft. The Court sentenced the Defendant, within the terms of the plea agreement, to 24 months imprisonment on each count, to run consecutively. In April, Defendant filed a Motion for Reduction or Modification of Sentence (docs. 50, 51), pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

　　　　Federal Rule of Criminal Procedure, Rule 35, provides as follows:

(a) Correcting Clear Error.
Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

(b) Reducing a Sentence for Substantial Assistance.

(1) *In General.*

Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

(2) *Later Motion.*

Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

(A) information not known to the defendant until one year or more after sentencing;

(B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or

(C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

As is apparent from the record, Rule 35 is not a basis to modify or reduce Defendant's sentence. It was neither filed within 14 days of the Judgment nor seeks to correct a sentence that resulted from arithmetical, technical, or other clear error, and there is no motion by the Government for a reduction based on substantial assistance.

Additionally, the plea agreement contained a waiver of all of Defendant's appeal rights, including this request for a modification or reduction in her sentence. The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1102 (9th Cir. 2005). It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights. *Id.* The Court has reviewed the record in this case and finds that Petitioner's waiver was clear, express, and unequivocal.

/////

/////

/////

2

1  Plea agreements are contractual in nature and their plain language will generally
2 be enforced if the agreement is clear and unambiguous on its face. *United States v.*
3 *Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). Therefore, an express waiver of appellate
4 rights is enforceable if the language of the waiver encompasses the right to appeal on the
5 grounds raised and the waiver is knowingly and voluntarily made. *Id.*

6  The Petitioner was sentenced pursuant to a plea agreement containing an express
7 waiver of all appeal rights, direct and collateral. (Document 39: Plea Agreement at 12.)[1]
8 She signed the Plea Agreement stating that she had discussed the terms with his attorney,
9 that he agreed to the terms and conditions, which included the waiver of his right to
10 appeal, and that he voluntarily and knowingly entered into the Plea Agreement. *Id.* at 5-
11 6. This Court's sentencing colloquy fully complies with Fed. R. Cr. P. 11, including an
12 inquiry into the voluntariness of any plea agreement, gives notice to the defendant if the
13 plea agreement contains a waiver of appellate rights and inquires into the voluntariness of
14 the waiver.

15 /////
16 /////
17 /////
18 /////
19 /////
20 /////

---

[1]Petitioner made the following waiver: "The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or to the Court's entry of judgment against defendant and imposition of sentence upon the defendant, consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255."

1  This Court sentenced the Defendant within the terms provided for in the plea
2  agreement, the waiver precludes her Motion for Reduction or Modification.

**Accordingly,**

**IT IS ORDERED** that the Motion for Reduction or Modification (docs. 50, 51) is DENIED.

DATED this 22nd day of April, 2011.

_____
David C. Bury
United States District Judge