**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

v.

Mary Helen Romero,

Defendant.

CR 09-01548-TUC-DCB(BGM)

**REPORT AND RECOMMENDATION**

Pending before the Court is a Superseding Petition to Revoke Supervised Release (Doc. 77) filed on April 28, 2016. Defendant filed a Motion to Suppress Statements (Doc. 73). The Government filed a Response (Doc.76) and Supplemental Response (Doc. 84) to Defendant's Motion. An Evidentiary Hearing took place on June 17 and 23, 2016. *See* Minute Entry 6/17/16 (Doc. 86) and Minute Entry 6/23/16 (Doc. 87). Pursuant to LRCrim. 57.6, this matter came before Magistrate Judge Macdonald for an evidentiary hearing and a report and recommendation. The Magistrate Judge recommends that the District Judge, after its independent review, find that the Defendant did violate the terms of her supervised release as set forth in Allegation A of the Superseding Petition and did not violate the terms of her supervised release as set forth in Allegation B of the Superseding Petition.

## I. BACKGROUND

### *A. The Original Offense*

On June 7, 2010, Defendant pled guilty to the felony offenses of Bank Fraud and Aggravated Identity Theft. *See* Minute Entry 6/7/2010 (Doc. 37). On October 29, 2010, the District Judge sentenced Defendant to 24 months in prison for each offense, the sentences to run consecutively, with credit for time served, followed by five years of supervised release for each offense, the supervised release to run concurrently. *See* Judgment and Commitment 11/3/2010 (Doc. 47). The supervised release commenced on April 17, 2014.

On April 28, 2016, Defendant's Probation Officer, filed a Superseding Petition to Revoke Supervised Release (Doc. 77) alleging violations of the following conditions:

> Standard Condition #1: *"You shall not commit another federal, state, or local crime during the term of supervision."*
>
> * * *
>
> Standard Condition #7: *"You shall notify the probation officer at least 10 days prior to any change of residence or employment."*

Superseding Pet. for Warrant (Doc. 77) at 1-2 (emphasis in original).

### *B. The Evidentiary Hearing*

Defendant was present, in custody, and assisted by counsel. The Government presented two witnesses, United States Probation Officer Daniel Moreno, and the Defendant's sister-in-law Azusena Lord, and admitted seventeen exhibits into evidence. The Defendant did not testify, the Defendant did not call any witnesses, and admitted one exhibit into evidence.

Officer Moreno testified that on July 10, 2015, he heard from the Defendant's sister-in-law, Azusena "Suzie" Lord that Defendant had taken the identity of Suzie's father and mother, Defendant's in-laws, Alejandro and Margarita Lord. Officer Moreno turned this information over to the Tucson Police Department to investigate later the same month. On August 11, 2015, Officer Moreno spoke with Defendant on the telephone and questioned her about the "fraud" allegations. The Defendant denied any wrongdoing or criminal activity.

On September 17, 2015, Officer Moreno conducted a Personal Home Inspection at the Defendant's residence. While conducting this home inspection, Officer Moreno explained to the Defendant he had received information from the Tucson Police Department and her in-laws that she had committed fraudulent acts against her husband's parents. Officer Moreno advised he was very concerned and inquired as to whether the allegations were true. According to Officer Moreno, the Defendant admitted she had committed some acts. Officer Moreno directed the Defendant to write down what is was she had done, collect any documentation, and bring these to the office visit that was scheduled for September 2015. Officer Moreno denied that he threatened the Defendant in any way, and did not discuss whether her supervised release condition would be revoked, if the allegations were true.

Officer Moreno and the Defendant met as scheduled in Officer Moreno's office on September 23, 2015. The Defendant brought a handwritten letter, but this letter did not address any of the fraud allegations. Therefore, Officer Moreno again asked the Defendant about these allegations. Defendant admitted to the allegations and Officer

Moreno typed up a statement contemporaneously with their discussion. According to Officer Moreno, Defendant admitted to the following:

> 1. Started June 2015: Stopped end of July; tore up credit cards/other cards and tossed them; needed money.
>
> 2. Took father-in-law, Alejandro's, VISA card and paid rent and bought food. To date reports spending approximately $1,000. Offender states she started service for a cellphone with this card.
>
> 3. Opened two Capital 1 accounts with father-in-law, Alejandro, personal information. Withdrew $300 cash; used the card approximately six times and made purchases at: fry's; Sally's; Wal Mart, among others.
>
> 4. Took approximately $1,500 from father-in-law's checking account by making charges (similar to above, per offender).
>
> 5. Offender reported she needed money.
>
> 6. Offender reported she continues suffering from depression, but also reported she visits her counselor, at CODAC, regularly and is current with medication as well. Offender relates she shared above noted conduct with her counselor.

Def.'s Statement 9/23/2015 (Govt.'s Exh. "4"). The typed statement was then signed, and dated September 23, 2015, by both the Defendant and Officer Moreno.

During this same office visit, Defendant also reported she did not want to return to prison or jail, and she committed the acts because she had been depressed, and threatened self-harm or suicide if she was detained or arrested. Once again, Officer Moreno denied threatening the Defendant and did not state her conditions of release would be revoked. In early 2016, Officer Moreno learned the Pima County Attorney's Office was not going to prosecute the Defendant, so he filed a Petition for Warrant on February 4, 2016 (Doc 60), which was superseded by the Petition (Doc. 77) filed on April 28, 2016.

Officer Moreno further testified that on January 8, 2016, he received a telephone call from Defendant. She stated a constable just showed up to evict her and her family from their residence. They discussed some options for Defendant and her family. Officer Moreno asked the Defendant to keep him apprised. On January 22, 2016, Officer Moreno again spoke to the Defendant telephonically. Defendant stated she had been staying with her niece and had been "bouncing around." Officer Moreno said they needed to "catch up and talk about her plans."

Officer Moreno met with the Defendant at the probation office on January 25, 2016. Defendant stated she was staying with her granddaughter at a house located "near Pantano and Wrightstown." She did not know the exact address, but said she would call with information later. Officer Moreno never received any additional information from the Defendant and later learned she had not been living with her granddaughter as reported.

Defendant's sister-in-law, Azusena Lord, also testified at the hearing. Ms. Lord reviewed credit card information, credit card statements and bank statements, for her mother and father. Ms. Lord testified that certain credit card applications, credit card charges and bank transactions were not done by her parents, and attributed this activity to Defendant.

## II. ANALYSIS

"In evaluating the sufficiency of the evidence supporting a supervised release revocation, 'we ask whether, viewing the evidence in the light most favorable to the

government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence.'" *United States v. Thum*, 749 F.3d 1143, — (9th Cir. 2014) (quoting *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010)) (internal quotation marks omitted) (citations omitted); *see also* 18 U.S.C. § 3583(e)(3). The Federal Rules of Evidence do not apply to a revocation hearing. Fed. R. Evid. 1101(d)(3); *United States v. Martin*, 984. F.2d 308, 310–11 (9th Cir. 1993).

***A. Allegation A – Violation of Standard Condition No. 1***

The standard conditions of supervised release provide that the Defendant shall not commit another federal, state, or local crime during the term of supervision." Judgment and Commitment 11/3/2010 (Doc. 47) at 2. The Government alleges the Defendant violated this condition when, "On September 23, 2015, Romero admitted verbally, and in writing, to taking her father-in-law's identity (Alejandro Lord) and opening lines of credit, as well as taking cash directly from his checking account. Up to that date, Romero admitted to taking approximately $2,800 without permission." Superseding Pet. for Warrant (Doc. 77) at 1. The defense argues that the defendant's admissions cannot be used against her in any criminal proceeding because they were compelled under the terms of her supervision, subjecting her to face revocation of her supervision if she either refused to answer questions or make admissions.

Two issues need to be decided by this Court. First, were the statements improperly obtained from the Defendant, and if not, did the Government prove by a preponderance of the evidence the violation set forth in Allegation A of the Superseding Petition.

. . .

**1. Fifth Amendment Violation**

The Supreme Court of the United States has long acknowledged that:

> [t]he [Fifth] Amendment speaks of compulsion. It does not preclude a witness from testifying voluntarily in matters which may incriminate him. If, therefore, he desires the protection of the privilege, he must claim it or he will not be considered to have been 'compelled' within the meaning of the Amendment.

*Minnesota v. Murphy*, 465 U.S. 420, 427, 104 S.Ct. 1136, 1142, 79 L.Ed.2d 409 (1984) (quoting *United States v. Monia*, 317 U.S. 424, 427, 63 S.Ct. 409, 410, 87 L.Ed. 376 (1943)) (alterations in original). Furthermore, "[a] state may require a probationer to appear and discuss matters that affect [her] probationary status; such a requirement, without more, does not give rise to a self-executing privilege." *Id.* at 435, 104 S.Ct. at 1146. As such, the Ninth Circuit Court of Appeals has recognized that "a probationer generally has no Fifth Amendment privilege regarding questions relevant to the status of her probation." *United States v. Nieblas*, 115 F.3d 703, 705 (9th Cir. 1997). "Even if information is obtained from a probationer upon threat of revocation of probationary status, there is no valid claim of a *Miranda* violation . . . [where] [t]he information gleaned from [the defendant] during the interview was not elicited for the purpose of charging her with a new crime, nor was she charged with one." *Id.* (citations omitted). Moreover, a "revocation hearing . . . is not a criminal proceeding." *Id.* (citations omitted).

Here, Defendant's admissions to Officer Moreno regarding the use of her father-in-law's credit cards and bank account occurred during Officer Moreno's visit to Defendant's home and at a scheduled meeting in Officer Moreno's office. As such, they

cannot be considered "custodial interrogations." *See Nieblas*, 115 F.3d at 705. Furthermore, the information is not being used to bring additional criminal charges against Defendant. Although the Government now seeks to use Defendant's statement in the revocation hearing, Officer Moreno testified that he did not threaten to revoke Defendant's probation at the time of the alleged interviews. *See Murphy*, 465 U.S. at 435 n. 7, 104 S.Ct. at 1146 n. 7; *Nieblas*, 115 F.3d at 705.

Defendant's reliance on *United States v. Saechao*, 418 F.3d 1073 (9th Cir. 2005), is misplaced. In that case, the Government sought to use Saechao's admissions against him in a separate criminal prosecution charging him as a prohibited possessor of a firearm pursuant to 18 USC § 922(g). *See id.* Here, Defendant Romero is not being subjected to a new or separate criminal proceeding based upon her admissions. Nor is the Government attempting to use her statements in a separate criminal prosecution. As such, Defendant Romero's statements are admissible and should not be suppressed at a revocation hearing. *See Nieblas*, 115 F.3d at 705. Accordingly, Defendant's Motion to Suppress Statements (Doc. 73) is denied.

**2. Violation of Allegation A**

The Court finds Officer Moreno's testimony credible, and that Defendant admitted the conduct in Allegation A. As such, the Court finds that the Government has met its burden to establish the Defendant violated the Standard Condition No. 1 of her Supervised Release.

***B. Allegation B – Violation of Standard Condition No. 7***

The standard conditions of supervised release provide that the Defendant "shall

notify the probation officer at least 10 days prior to any change of residence or employment." Judgment and Commitment 11/3/2010 (Doc. 47) at 2. The Government alleges the Defendant violated this condition when, "On January 8, 2016, Romero notified undersigned probation officer she was evicted from her residence. Romero subsequently failed to provide the probation officer with her new address."

The original Petition for Warrant (Doc. 60), filed on February 4, 2016, only contained Allegation A. A warrant was issued and the Defendant was arrested and taken into custody on the original Petition on February 22, 2016. The Superseding Petition (Doc. 77) was filed on April 28, 2016, and contained both Allegations A and B.

While, perhaps a technical violation of this condition of Defendant's supervised release may have occurred, the Defendant did notify Officer Moreno while she was being evicted from her residence. She then kept in contact with Officer Moreno and he clearly knew the Defendant did not have a stable residence and no real residence address. Under these circumstances, the Court finds the Government has not established by a preponderance of the evidence that the Defendant violated this condition of her supervised release.

## III. RECOMMENDATION

Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and 18 U.S.C. § 3401(i), the Magistrate Judge **RECOMMENDS** that the District Judge, after an independent review of the record:

1) DENY Defendant's Motion to Suppress Statements (Doc. 73);

2) Find that the Defendant DID violate Standard Condition No. 1 (Allegation A);

3) Find that the Defendant DID NOT violate Standard Condition No. 7 (Allegation B).

Pursuant to 28 U.S.C. §636 (b) and rule 59(b)(2) of the Federal Rules of Criminal Procedure, any party may serve and file written objections with fourteen (14) days after being served with a copy of this Report and Recommendation. No reply shall be filed unless leave is granted by the District Judge. If objections are filed, the parties shall us the following case number: **CR-09-1548-TUC-DCB**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge in accordance with Fed. R. Crim. 59 may result in waiver of the right of review.

Dated this 6th day of July, 2016.

Honorable Bruce G. Macdonald
United States Magistrate Judge