# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>      Plaintiff,<br><br>v.<br><br>Mary Helen Romero,<br><br>      Defendant. | No. CR-09-01548-001-TUC-DCB<br><br>**ORDER** |

The Court accepts and adopts the Magistrate Judge's Report and Recommendation (R&R) as the findings of fact and conclusions of law of this Court and denies Defendant's Motion to Suppress Evidence and finds that the Defendant did violate the terms of her supervised release as set forth in Allegation A of the Superseding Petition but did not violate Allegation B.

## MAGISTRATE JUDGE'S RECOMMENDATION

On July 6, 2016, June 4, 2010, Magistrate Judge Bruce G. Macdonald issued a R&R in regard to Defendant's Motion to Suppress her statements made to the probation officer in violation of the Fifth Amendment to the United States Constitution. He found no Fifth Amendment violation because the Fifth Amendment privilege did not attach, here, because the probation officer's questions were relevant to her status of probation and were not for the purpose of charging her with a new crime. Her statements were used against her in the revocation hearing, which is not a criminal proceeding. (R&R (Doc.

90) at 7.)

## STANDARD OF REVIEW AND CONCLUSION

The duties of the district court in connection with an R&R are set forth in Rule 59 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3). "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); see also Fed. R. Crim. P. 59(b)(3).

Where the parties object to an R&R, "'[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objection is filed, the district court need not review the R&R de novo. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005*); United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). Therefore, to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation). Therefore, to the extent that no objection has been made, arguments to the contrary have been waived. "[T]he magistrate judge's decision . . . is entitled to great deference by the district court." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir.2001)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also*, Fed. R. Cr. P. 59(b) (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objection and the supplemental objection filed by the Defendant on August 5, 2016, and the parties' briefs considered by

the Magistrate Judge on the Motion to Suppress in respect to the objections. Likewise, the Court has reviewed the Magistrate Judge's recommendation to find the Defendant violated Allegation A of the Superseding Petition.

## OBJECTIONS

The Defendant objects to the Magistrate Judge's reliance on Ms. Romero's "so-called" admissions because she asserts the admissions were prepared by the probation officer, and that she was denied a free choice to admit or refuse to answer the probation officer's questions—making the admissions involuntary. The Court finds that the probation officer wrote down what Ms. Romero told him. More importantly, the Defendant does not address the Magistrate Judge's correct statement of the law which is that requiring a probationer to appear and discuss matters that affect her probationary status, without more, does not give rise to a self-executing Fifth Amendment privilege; *Miranda* does not apply where information gleaned from questions elicited for the purpose relevant to probationary status is used at a revocation hearing and not in a new criminal proceeding. There is simply no legal merit to Defendant's objections to the R&R.

## CONCLUSION

After de novo review of the issues raised in Defendant's objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in the R&R for determining the Motion to Suppress and the violation of probation. The Court adopts it, and for the reasons stated in the R&R, the Court denies Defendant's Motion to Suppress and finds that the Government established by a preponderance of the evidence that she violated her condition of supervised release as charged in Allegation A of the Superseding Petition.

**Accordingly**,

**IT IS ORDERED** that after a full and independent review of the record, in respect to the Defendant's objections, the Magistrate Judge's Report and Recommendation (Doc. 90) is accepted and adopted as the findings of fact and conclusions of law of this Court

1     **IT IS FURTHER ORDERED** that Defendant's Motion to Suppress (Doc. 73) is DENIED.

    **IT IS FURTHER ORDERED** that this Court finds Defendant DID violate Standard Condition No. 1 and DID NOT violate Standard Condition No. 7.

    **IT IS FURTHER ORDERED** that the Motion for Release from Custody Pending Disposition (Doc. 99) of revocation is DENIED.

    Dated this 26th day of September, 2016.

                                                                     Honorable David C. Bury
                                                                     United States District Judge